**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**SEP 19 2024**

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1029 |
| Plaintiff - Appellee, | D.C. No. 4:22-cr-06036-MKD-1 |
| v. | |
| JOSE OLIVA, AKA Jose Oliva Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted September 12, 2024**
Seattle, Washington

Before: CHRISTEN and SUNG, Circuit Judges, and RAKOFF, District Judge.***

Jose Oliva appeals his sentence imposed following his guilty plea to

possession with the intent to distribute a mixture or substance containing a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).[1] We review the district court's "application of the [Sentencing] Guidelines to the facts for abuse of discretion, and its underlying factual findings for clear error." *United States v. Blackshire*, 98 F.4th 1146, 1155 (9th Cir. 2024). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

1. The district court did not clearly err in finding that Oliva's November 2021 and July 2022 sales constituted "relevant conduct" at sentencing. In assessing whether conduct is "relevant" within the meaning of Guidelines § 1B1.3(a)(2), "there must be sufficient similarity and temporal proximity to reasonably suggest that repeated instances of criminal behavior constitute a pattern of criminal conduct." *United States v. Hahn*, 960 F.2d 903, 910 (9th Cir. 1992) (cleaned up). Here, the two sales were similar because they involved the same cooperating defendant, the same drug, and the same quantity. Because of those specific similarities, the eight-month gap between the sales did not preclude a finding that

---

[1] To the extent that this memorandum reveals sealed information, the court unseals that information for purposes of this disposition only.

[2] Oliva's plea agreement includes an appeal waiver, but the waiver reserves Oliva's right to appeal the "reasonableness" of his sentence. The parties dispute whether Oliva's appeal falls within the "reasonableness" exception to the waiver. Because we affirm Oliva's sentence on the merits, we assume without deciding that Oliva's appeal is not barred. *See United States v. Jacobo Castillo*, 496 F.3d 947, 954–57 (9th Cir. 2007) (en banc) (holding that an appeal waiver in a plea agreement does not affect appellate jurisdiction).

the sales constituted a pattern of conduct. *Id.* at 910–11. Further, because the district court based the relevant-conduct finding primarily on substantial similarity, not regularity, the court was not required to identify additional repeated events outside the offense of conviction. *Id.* at 911.

2. The district court did not abuse its discretion by considering the one pound of "ghost" methamphetamine when calculating Oliva's base offense level. Oliva's reliance on *Pippins v. United States*, No. 19-00876, 2022 WL 882736, at *5 (S.D. W. Va. Feb. 17, 2022), is misplaced because it is not binding on this Court, and, in any event, the district court found the "ghost dope" was relevant conduct at sentencing. Further, the district court did not clearly err in finding that Oliva agreed to sell a pound of methamphetamine and took steps to complete the transaction.

3. The district court did not abuse its discretion when it declined to apply a downward departure based on Oliva's policy objection to distinctions drawn by the Guidelines based on methamphetamine purity levels. *See* U.S.S.G. § 2D1.1(c). "[D]istrict courts are not obligated to vary from the . . . Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). Further, the court appropriately considered Oliva's objections to the Guidelines before determining that a downward departure was not warranted. *See id*.

**AFFIRMED.**